UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BRIAN DOUGLAS MARTIN,

    Plaintiff,

v.

M. CATE, et al.,

    Defendants.

No. C 12-6287 RS (PR)

**ORDER TO SHOW CAUSE WHY CERTAIN CLAIMS SHOULD NOT BE DISMISSED**

In this federal civil rights action, plaintiff alleges that from September 3, 2005 to September 30, 2009 defendants, employees of Salinas Valley State Prison, denied him his constitutional right to exercise. **The Court orders plaintiff to show cause why claims based on alleged incidents occurring during the period of September 3, 2005 to December 3, 2008 should not be dismissed as untimely.**

As of 2002, the statute of limitations for civil actions filed in California is two years, as set forth at California Civil Procedure Code § 335.1, which is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Because an inmate suffers from the disability of imprisonment, an inmate has, for claims accruing after 2002, four years to bring a § 1983 claim for damages in California, i.e., the regular two year

period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment. This tolling provision is unavailable for inmates who are sentenced to life without the possibility of parole. **In his response to the Court's order, plaintiff must include the length of his sentence, and the date and place of conviction and sentencing.**

Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the complaint because this action was filed more than four years after the occurrence of the many of the acts and omissions alleged in the complaint.

**On or before June 1, 2013, plaintiff must show cause why the claims discussed above should not be dismissed as untimely. Failure to file a response to this order by this date will result in the dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.**

**IT IS SO ORDERED**.

DATED: April 15, 2013

RICHARD SEEBORG
United States District Judge