UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DOUGLAS MARTIN,<br><br>    Plaintiff,<br><br>        v.<br><br>GARY BIAGGINI, et al.,<br><br>    Defendants. | Case No. 12-cv-06287-JD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION IN PART**<br><br>Re: Dkt. No. 14 |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that defendants are liable for the denial of outdoor exercise for various periods between September 3, 2005, and September 30, 2009, in violation of the Eighth Amendment. The Court ordered service on several defendants based on the operative first amended complaint (Docket No. 7) and dismissed defendants Cate, Hedgpeth, Lewis, Evans and Grounds because their only connection to the case was based on supervisory liability that was insufficient to state a claim. The Court also ordered plaintiff to show cause why events from September 3, 2005, to December 3, 2008, should not be dismissed due to the expiration of the statute of limitations. After considering plaintiff's response, the Court concluded that the period of alleged violation for purposes of this action was from December 4, 2008, to September 30, 2009.

Plaintiff filed a motion for reconsideration regarding the dismissed defendants and the narrowing of the dates. Defendants were served and the Court ordered defendants to file a response to the motion for reconsideration. Briefing was filed on January 14, 2014, and

defendants raised additional arguments regarding the complaint. The case was reassigned to the Court on April 16, 2014.

## MOTION FOR RECONSIDERATION

### I.    LEGAL STANDARD

Where the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In the Northern District of California, no motion for reconsideration may be brought without leave of court.[1] *See* Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. See Civil L.R. 7-9(b).

### II.    DISCUSSION

With respect to the statute of limitations issue, plaintiff argues that he should receive some tolling due to the pursuit of administrative remedies. Defendants argue that the limitations period is not extended under the continuous violation doctrine. Both arguments may have merit; however a motion for reconsideration of an initial screening order is not the appropriate vehicle for such arguments. Plaintiff's motion for reconsideration will be granted in part, and the case will

---

[1] Plaintiff was granted leave to file the motion for reconsideration. Docket No. 16.

continue with allegations stemming from the denial of exercise from September 3, 2005, to September 30, 2009. However, defendants' arguments in the briefing on why this action is untimely are dismissed without prejudice. Defendants may renew these arguments and the additional arguments in a dispositive motion that will also allow plaintiff an opportunity to respond more appropriately.

Plaintiff also argues that the dismissed defendants should be reinstated in the action. Plaintiff states that defendants were personally involved in the deprivation of outdoor exercise. However, plaintiff fails to provide support for these conlcusory allegations. A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The United States Supreme Court explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The complaint indicates that the dismissed defendants are wardens of the prison and the director of CDCR, and that involvement relates to their supervisory positions. "In a § 1983 or a *Bivens* action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim -- and, more specifically, on the state of mind required by the particular claim -- not on a generally applicable concept of supervisory liability. *Oregon State University Student Alliance v. Ray*, 699 F.3d 1053, 1071 (9th Cir. 2012). As plaintiff has failed to link these

1 defendants to the alleged constitutional deprivation or demonstrate the requisite state of mind, they
2 were properly dismissed from the action.

### CONCLUSION

1. The motion for reconsideration (Docket No. 14) is GRANTED IN PART as set forth above.

2. Defendants shall file a dispositive motion no later than sixty (60) days from the date of this order as described in the Order of Service (Docket No. 10).

**IT IS SO ORDERED.**

Dated: May 6, 2014

_____
JAMES DONATO
United States District Judge

12-cv-06287-JD-_recon

4