UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DOUGLAS MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY BIAGGINI, et al.,<br><br>    Defendants. | Case No. 12-cv-06287-JD<br><br>**ORDER GRANTING MOTION TO DISMISS IN PART**<br><br>Re: Dkt. Nos. 44, 46 |

Plaintiff, a state prisoner proceeding pro se, has brought a civil rights action under 42 U.S.C. § 1983. Defendants move to dismiss on the statute of limitations. The motion is granted in part.

**I.  BACKGROUND**

Plaintiff alleges that his constitutional rights were violated by the denial of outdoor exercise when he was placed in a modified program continuously for four years and twenty-seven days, from September 3, 2005, to September 30, 2009. Plaintiff filed an inmate grievance on August 3, 2009. Am. Compl., Ex. G. The grievance process was fully exhausted on March 30, 2010. Am. Compl., Ex. I. Plaintiff filed this case on December 3, 2012.[1] Defendants argue that the case should be dismissed as untimely or in the alternative the time frame should be limited to events that occurred between December 2008, and the date of filing, when events were still within the four-year statute of limitations.

Plaintiff counters that the case is not untimely as it was a continuous violation and he is entitled to tolling due to his efforts to administratively exhaust the claim. Plaintiff also states that

---

[1] Under the mailbox rule, a pro se prisoner's filing is deemed filed on the date of its submission to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

he was not placed on modified program status for one continuous time that resulted in the denial of outdoor exercise for more than four years; rather, at least twelve separate incidents resulted in multiple modified programs. Opposition at 1.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock*, *Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). All allegations of material fact are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). "A plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*.

Actions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 265 (1985); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). The statute of limitations for civil actions filed in California is two years, as set forth at California Civil Procedure Code Section 335.1, which is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). The federal court also applies the forum state's law regarding tolling, including equitable tolling when not in conflict with federal law. *Hardin v. Straub*, 490 U.S. 536, 537-39 (1989); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). California provides that the applicable limitations period is tolled for two years on grounds of "disability" when a litigant is incarcerated. Cal. Code Civ. P. § 352.1(a). This tolling provision operates to delay the running of the limitations period. *Carlson v. Blatt*, 87 Cal. App. 4th 646, 650 (2001) (imprisonment tolls running of limitations period for two years from accrual of cause of action); *Johnson v. State of California*, 207 F.3d

1  650, 654 (9th Cir. 2000).²

2  It is federal law, however, that determines when a cause of action accrues and the statute of
3  limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott v.*
4  *City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). Under federal law, a claim generally
5  accrues when the plaintiff knows or has reason to know of the injury which is the basis of the
6  action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999); *Elliott*, 25 F.3d at 802.
7  The applicable statute of limitations period is tolled while the prisoner completes the mandatory
8  exhaustion process. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

9  The "related acts" continuing violation theory allows plaintiff to seek relief for events
10 outside of the limitations period if a series of violations are related closely enough to constitute a
11 continuing violation and if one or more of the acts falls within the limitations period. *See Knox v.*
12 *Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). A continuing violation exists where a defendant
13 maintains a "discriminatory system or policy" that "operated at least in part within the limitation
14 period . . . ." *Green v. Los Angeles Cnty. Superintendent of Sch.*, 883 F.2d 1472, 1480 (9th Cir.
15 1989) (citing *Williams v. Owens–Illinois, Inc.*, 665 F.2d 918, 924 (9th Cir. 1982). Alternatively,
16 the plaintiff must show a series of related discriminatory acts against a single individual, one or
17 more of which falls within the limitation period. *Green*, 883 F.3d at 1480-81.

18 However, if the "heart of plaintiffs' complaint does not stem from the policy . . . but rather
19 from the individualized decisions that resulted from implementation of a policy, . . . [t]hese
20 individualized decisions are best characterized as discrete acts, rather than as a pattern or practice
21 of discrimination." *Cherosky v. Henderson*, 330 F.3d 1243, 1247 (9th Cir. 2003) (internal
22 quotation marks omitted) (holding that plaintiffs' allegation that discrete acts, which fell outside
23 the limitations period, were undertaken pursuant to a discriminatory policy that continued to be
24 implemented within the limitations period does not extend the limitations period as to the time-
25 barred acts).

---

² The two years of tolling is for prisoners serving less than a life term. Cal. Civ. Proc. Code § 352.1(a)

## III. DISCUSSION

Plaintiff argues that the denial of outdoor exercise resulted from twelve separate incidents and includes as an exhibit a response to his inmate appeal. Am. Compl., Ex. A; Opposition, Ex. A. The exhibit provides dates for each of the twelve incidents and a specific description of what actions led to the modified programming that affected outdoor exercise for the entire Facility C, not just plaintiff. *Id.*[3] Despite the existence of twelve separate and distinct incidents, plaintiff argues that they were closely related and constituted one continuing violation that should allow the entire time frame to be included in the action. However, the denial of outdoor exercise was not a pattern or practice of a discriminatory policy; rather, it was the result of individualized decisions and discreet acts due to repeated instances of violence from a prison gang where inmates were assaulted, there were various fights, two riots, and one attempted murder. Am. Compl., Ex. A; Opposition, Ex. A. According to an exhibit in plaintiff's amended complaint, he is associated with a prison gang. Am. Compl., Ex. H. The exhibits also indicate that on multiple occasions, prison officials attempted to integrate the gang population into the general population, but the efforts were unsuccessful. Plaintiff was not individually targeted by the modified programming; the numerous intervening acts of violence affected all of Facility C.

The continuing violation doctrine is an equitable doctrine designed "to prevent a defendant from using its earlier illegal conduct to avoid liability for later illegal conduct of the same sort." *O'Loghlin v. County of Orange*, 229 F.3d 871, 875 (9th Cir. 2000). There are no allegations that defendants have attempted to avoid liability. Plaintiff filed his first inmate grievance almost four years after the modified programming began. Once the grievance was exhausted and plaintiff could file a federal suit, he waited more than two and a half years before filing this action. This action will not include the entire time plaintiff was denied outdoor exercise because much of the

---

[3] It is not clear from the exhibits how long the modified programming lasted as a result of the violence in the prison or if there was a complete lack of outdoor exercise for each instance. For example there was an incident on January 1, 2006, and the next incident was not until April 12, 2007. The exhibit does not show if modified programming continued during this entire period. As plaintiff has alleged the lack of exercise was continuous with no breaks, his allegations of material fact are taken as true for this motion. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

4

time frame is barred by the statute of limitations.[4] Plaintiff's action will continue for the denial of outdoor exercise starting from December 4, 2008. However, the Court must still determine if plaintiff is entitled to additional tolling while he exhausted his administrative remedies.

Plaintiff was exhausting his administrative remedies from August 3, 2009, to March 30, 2010. The issue remains if plaintiff receives 239 days of additional tolling consecutively to the two-year statute of limitations and the extra two years for the disability of imprisonment or if the tolling while he exhausted administrative remedies runs concurrently.

There is no binding authority regarding this issue, and unpublished district court decisions are divided. *See*, *e.g.*, *Lopez v. Schwarzenegger*, 09-cv-1760 MCE GGH P, 2012 WL 78377 at *5 (E.D. Cal. Jan. 10, 2012) *findings and recommendations adopted in*, 2012 WL 671680 (E.D. Cal. Feb. 29, 2012) (when two or more reasons for tolling coexist, common sense dictates concurrent, not consecutive, tolling); *Gutierrez v. Butler*, 06-cv-2684 LKK EFB P, 2008 WL 436948 (E.D. Cal. Feb. 14, 2008) *findings and recommendations adopted in*, 2008 WL 795006 at *2 (E.D. Cal. Mar. 25, 2008) (one period of disability "cannot be 'tacked' onto another so as to artificially extend the time" for the limitations period to commence, citing *Rose v. Petaluma & S.R. Ry. Co.*, 64 Cal. App. 213, 217 (Cal. Ct. App. 1923)). *But see Burns v. Crook*, 07-cv-1984 JLS WMC, 2008 WL 5103183 at *2-5 (S.D. Cal. Dec. 3, 2008) (finding that California Supreme Court intended tolled interval to be "tacked onto the end of the limitations period . . ." (citing *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 371 (2003))).

Neither position described in these cases is entirely persuasive. While it is correct that California law does not permit distinct disabilities or periods of disability to be strung together to extend the disability tolling period, *Petaluma & S.R. Ry. Co.*, *supra*, tolling for administrative exhaustion is not a type of disability tolling. The *Petaluma* rule is therefore not dispositive. However, the dicta from *Lantzy* does not support the contrary conclusion that California intends

---

[4] Defendants argue that plaintiff's entire case should be dismissed as untimely because the statute of limitations started on the first day of the lack of outdoor exercise in September 2005 and the resulting lack of exercise was a continual ill effect from the original violation. *Knox. v. Davis*, 260 F.3d 1009, 1113 (9th Cir. 2001). The Court does not find this argument persuasive because the complaint makes sufficient allegations that plaintiff was denied outdoor exercise due to multiple separate incidents that occurred from 2005 to 2009.

5

all tolling to be consecutive.  In *Lantzy* the state supreme court explained that "the effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded." 31 Cal. 4th at 370.  Therefore, "the tolled interval, no matter when it took place, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred." *Id*. at 370-71.  The language about tacking tolled intervals onto the end of the limitations period illustrates the effect of tolling on the calculation of dates.  That illustration follows the description of the technical operation of tolling, which in general stops a clock that is otherwise running.  *Lantzy* did not consider a situation in which a limitations period is already tolled when an event with independent power to toll occurs.

Plaintiff's action continues with respect to the denial of outdoor exercise from December 4, 2008.  Plaintiff filed inmate grievances from August 3, 2009, to March 30, 2010.  State law provides that the limitations period is tolled for two years on grounds of "disability" when a litigant is incarcerated, see Cal. Code Civ. P. § 352.1(a), and delays the commencement of the separate two-year statute of limitations.  *Carlson*, 87 Cal. App. 4th at 650.  At the time that plaintiff was exhausting his administrative remedies, the statute of limitations had not yet commenced because plaintiff was incarcerated.  The Court agrees with holdings that when there are multiple reasons for tolling, the tolling should be concurrent, not consecutive, and plaintiff should not have additional time attached to the end of the limitations period when the administrative exhaustion occurred at a time when the statute of limitations had not yet commenced.

## IV.   CONCLUSION

1. Plaintiff's motion for an extension to file an opposition (Docket No. 46) is **GRANTED** and the Court has considered the filing.

2. The motion to dismiss (Docket No. 44) is **GRANTED IN PART**.  Plaintiff's action will continue with respect to the denial of outdoor exercise starting from December 4, 2008.

3. Within 60 days of the date this Order is filed, defendants shall either file a motion for summary judgment or a notice that the case cannot be resolved by such a motion.  All other

Case 3:12-cv-06287-JD   Document 51   Filed 03/26/15   Page 7 of 8

1  provisions of the Court's October 2, 2013, Order (Docket No. 10), that are not in conflict with this
2  Order, remain in effect including the provisions governing a motion for summary judgment,
3  discovery, and keeping the Court updated on any changes in the parties' addresses.
4  **IT IS SO ORDERED**.
5  Dated: March 26, 2015

_____
JAMES DONATO
United States District Judge

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DOUGLAS MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY BIAGGINI, et al.,<br><br>    Defendants. | Case No. 12-cv-06287-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/26/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Brian Douglas Martin ID: T-94632
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: 3/26/2015

Richard W. Wieking
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

8